

FILED
AUG 1 3 2019
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

JASON DENT,

        Plaintiff,

v.

WILLIAM P. BARR, *et al.*,

        Defendants.

Civil Action No. 19-2189 (UNA)

## MEMORANDUM OPINION

Generally, a litigant is required to pay a filing fee in full. *See* 28 U.S.C. §§ 1914(a), 1915(b)(1). Pursuant to the Prison Litigation Reform Act ("PLRA"), *in forma pauperis* status does not relieve a prisoner plaintiff of his obligation to pay the filing fee in full. *Asemani v. U.S. Citizenship & Immigration Servs.*, 797 F.3d 1069, 1072 (D.C. Cir. 2015). Rather than "pay the full filing fee at the time he brings suit . . . he can pay the filing fee in installments over time." *Id.* (citations omitted). However, certain prisoners cannot qualify for *in forma pauperis* status under the PLRA's "three strikes" rule:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

*Id.* (quoting 28 U.S.C. § 1915(g)).

This plaintiff has accumulated the requisite number of strikes. *See Dent v. Executive Office for United States Attorneys*, No. 1:12-cv-0420 (D.D.C. Sept. 3, 2013) (vacating *in forma pauperis* status under 28 U.S.C. § 1915(g)). Under these circumstances, plaintiff may proceed *in*

*forma pauperis* only if he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court "assess[es] the alleged danger at the time [plaintiff] filed his complaint," *Mitchell v. Fed. Bureau of Prisons*, 587 F.3d 415, 420 (D.C. Cir. 2009), and in so doing "construe[s] his complaint liberally and accept[s] its allegations as true," *id.* (citing *Ibrahim v. District of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006)). The allegations of the complaint pertain to events occurring as far back as April 2017. Similarly, plaintiff's Motion for Imminent Risk of Physical Injury or Death describes assaults and injuries he allegedly has sustained at the hands of corrections officers in January 2017 and November 2018. None of the events plaintiff describes demonstrates an *imminent* danger of serious physical injury.

Accordingly, the Court will deny plaintiff's motion and application to proceed *in forma pauperis*, and will dismiss the complaint and this civil action without prejudice. An Order is issued separately.

DATE: August 12, 2019

_____
United States District Judge